Christopher M. Schierloh
Gregory G. Barnett
**CASEY & BARNETT, LLC**
305 Broadway, Suite 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff
Our file: 115-1507

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
-------------------------------------------------------X
ACE American Insurance Company a/s/o Mr.
Steve Overholt,

         Plaintiff,

   - against -

Desmond Marine LLC,

         Defendant.
-------------------------------------------------------X

**19 Civ. 11549**

**COMPLAINT**

    Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

## JURISDICTION

    1.    This is an Admiralty and Maritime claim within the meaning of the Federal Rule of Civil Procedure 9(h). Jurisdiction over the defendant is predicated upon 28 U.S.C. § 1333.

## PARTIES

    2.    Plaintiff, ACE American Insurance Company (hereinafter "ACE" or "Plaintiff") was and is a corporation with an office and place of business located at 436 Walnut street, Philadelphia, Pennsylvania 19106, and is the insurer of a 2009 Sea Ray 430 Sundancer diesel powered vessel with hull ID US-SERR0366F709-43DA01, as more fully described below.

3. Subrogor plaintiff, Mr. Steve Overholt is an individual residing at 14550 Shadywood Drive, Sterling Heights, MI 48312 and is the owner of a 2009 Sea Ray Sundancer 430 diesel powered vessel with hull ID SERR0366F709-43DA01 as more fully described below.

4. Defendant, Desmond Marine LLC was and is a corporation with an office and place of business located at 207 Water Street, Port Huron, Michigan, 48060.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said claim, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6. On or about July 6, 2017, Mr. Overholt with his wife and his son, went boating to Michigan, on his 2009 Sea Ray Sundancer 430 diesel powered vessel with hull ID US-SERR0366F709-43DA01.

7. During the trip, Mr. Overholt stopped to fuel his vessel with diesel fuel at Desmond Marine in Port Huron. Notably, the pump handle was malfunctioning and therefore the handle had to be held down to take on fuel. Prior to the return trip home, Mr. Overholt again went to Desmond Marine to take on fuel. He was directed to a different pump this time and the gas attendants of Desmond Marine filled up the tank.

8. Desmond Marine mistakenly pumped gasoline into the tanks instead of diesel. As the issue was not immediately apparent, Mr. Overholt started the vessel and proceeded to return home to Ohio.

9. Approximately two weeks later, Mr. Overholt boarded the vessel and attempted to restart her for another trip. The engine failed to restart.

10. It was subsequently determined that the vessel had a large quantity of gasoline in its tanks and the engine had received gasoline from Desmond Marine in Michigan to his slip in

Ohio.

11. A survey was organized and the surveyor assessed the loss and concluded that the "introduction of a large concentration of gasoline into the fuel tanks of a vessel powered with twin diesel engines" was the cause of the damage.

12. As a result of the foregoing, the vessel was found to have sustained physical damage, and the loss was assessed at $94,607.30.

13. The damage to the vessel belonging to Mr. Overholt was not the result of any act or omission on the part of the Plaintiff but, to the contrary, was due solely as a result of the negligence, fault and neglect on the part of Defendant Desmond Marine, their agents or representatives.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between ACE and Mr. Overholt, which provided coverage for, among other things, loss or damage to the vessel.

15. Pursuant to the aforementioned contract of insurance between ACE and Mr. Overholt, monies have been expended on behalf of Mr. Overholt to the detriment of ACE due to the damages sustained during the incident.

16. As ACE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the Defendant, ACE has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendant.

17. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $94,607.30.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

18. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19. Pursuant to the contract entered into between the parties, Defendant owed a contractual and statutory duty to the Plaintiff, to provide acceptable fuel at their fuel dock for Mr. Overholt's engines.

20. The Defendant breached its contractual and statutory duties by failing to provide diesel oil to Mr. Overholt's vessel but instead filling the tank with gasoline.

21. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $94,607.30.

22. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $94,607.30.

## AS AND FOR A SECOND CAUSE OF ACTION - NEGLIGENCE

23. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24. The Defendant was negligent as they failed to properly ensure that the fuel needed by the vessel was diesel.

25. The Defendant was also negligent as he refueled the vessel of Mr. Overholt with gasoline instead of diesel.

26. As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $94,607.30.

27. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $94,607.30.

### AS AND FOR CAUSE OF ACTION - GROSS NEGLIGENCE

28. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 27, inclusive, as if herein set forth at length.

29. Defendant owed a duty to users, including Mr. Overholt, to exercise care in the refueling of the vessel that is the subject matter of this litigation.

30. Defendant knew, or with the exercise of reasonable care, should have known, that improper refueling could cause damages to the vessel.

31. As a direct and proximate result of the gross negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $94,607.30.

32. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $94,607.30.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of plaintiff against defendant for the amount of plaintiff's damages in the amount of $94,607.30, together with interest and costs and the disbursements of this action; and

5

3. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 28, 2019
       115-1507

                          CASEY & BARNETT, LLC
                          Attorneys for Plaintiff

By:   /s/ *Christopher M. Schierloh*
        Christopher M. Schierloh
        305 Broadway, Suite 1202
        New York, New York 10007
        Tel: (212) 286-0225